UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS B. STONE, and )<br>C & H QUALITY TRAILERS, LLC, )<br>)<br>Defendants. ) | Case No. 1:09cv1 SNLJ |

## MEMORANDUM

This matter is before the court on Plaintiff's Motion for Summary Judgment (#10), filed July 29, 2009. Responsive pleadings have been filed, and an order of default judgment (#16) has been issued as to Defendant C & H Quality Trailers, LLC on September 21, 2009. This matter is now ripe for disposition.

### I.

Pursuant to Fed.R.Civ.P. 59(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a

verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

This matter in the case at hand involves a request for a declaratory judgment by an insurance company against an individual. Plaintiff Essex Insurance Company is an insurance corporation incorporated under the laws of Delaware, with its principal place of business in Virginia. Defendant Thomas B. Stone is an individual and resident of Missouri. Former defendant C&H Quality Trailers, LLC (C&H) is a Missouri limited liability company with its principal place of business in Missouri. This Court has jurisdiction pursuant to 28 U.S.C. § 2201, the Declaratory Judgments Act, and pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship and the matter in controversy exceeds $75,000.

## II.

On or about July 29, 2006, C&H hired Stone to construct a pole barn, and C&H provided Stone with a forklift to assist in the construction. Unbeknownst to Stone, however, the hydraulics were faulty. At one point that day, Stone was standing on a pallet raised into the air by the forklift when the hydraulics failed, sending him 26 feet to the ground and causing injuries from the impact.

Stone filed a Petition for Damages against C&H in the Circuit Court of Scott County, Missouri, styled *Thomas B. Stone v. C&H Quality Trailers, LLC*, Case Number 08SO-CV02654, alleging that his injuries were a result of the negligence of C&H for furnishing a defective forklift. Plaintiff Essex filed a complaint for declaratory judgment with this Court to prevent indemnification for the injuries sustained as a result of the work-related accident.

Plaintiff had issued an insurance policy to C&H, providing coverage from October 11, 2005 to October 11, 2006. The insurance policy provided that there is "no coverage under this

policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same." It further provided that the "insurance does not apply to liability for "Bodily Injury" to: an "employee" of any insured arising out of and in the course of employment or while performing duties related to the conduct of an insured's business;" and that "[w]herever the word "employee" appears above, it shall also mean any member, associate, co-employee, leased worker, temporary worker, union worker, volunteer, or any person or persons loaned to or volunteering services to you."

Plaintiff provided a statement of uncontroverted material facts setting out the aforementioned facts with exhibits attached and proper affidavits thereto as required under Rule 56(e)(1). Defendant responded by filing a one-half page "Answer to Plaintiff's Statement of Uncontroverted Material Fact . . . " in which he simply admitted the facts stated in the first two paragraphs, but then denied the remaining paragraphs that attested to the very existence of and the terms of the insurance contract in question. This response is insufficient under Rule 56(e)(2), "Opposing Parties Obligation to Respond," which states: "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. . . ." Here, defendant's cursory denial of entire paragraphs was no different than the denials made in his answer to plaintiff's complaint, and his response does not set out specific facts showing a genuine issue for trial. Furthermore, according to Local Rule 7-4.01(E) pertaining to motions for summary judgment, "Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific

references to portions of the record, where available, upon which the opposing party relies." Again, defendant's response is couched in the same way that defendant answered the allegations in the complaint rather than specifying facts that give rise to a genuine issue. Mere denials are not enough.

It appears, too, that defendant is not really contesting the existence and terms of the insurance policy because his sole argument in opposition to summary judgment is in no way based on the existence and terms of the policy. It is instead based, as this Court understands the argument, on the idea that plaintiff's status as an independent contractor does not defeat coverage under the policy. For these reasons, this Court holds that the facts pertaining to the existence and terms of the insurance policy are uncontroverted.

### III.

Turning to the merits of the motion for summary judgment, plaintiff argues that the policy excludes coverage for defendant Stone's claims because at the time he sustained the alleged injuries, he was working for C&H as a contractor. Under the clear, explicit language of the insurance policy, there is no duty to indemnify defendant as contractor—or as an employee. The policy states that there is "no coverage under this policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same." This language clearly protects plaintiff from indemnification.

In his response, defendant argues that summary judgment is inappropriate because there is a triable issue of fact in dispute. Defendant does not, however, identify for the Court what that triable issue of fact is, but instead argues that plaintiff can still be held liable to indemnify C&H on principles of premises liability. Specifically, defendant argues that a landowner who hires an

references to portions of the record, where available, upon which the opposing party relies." Again, defendant's response is couched in the same way that defendant answered the allegations in the complaint rather than specifying facts that give rise to a genuine issue. Mere denials are not enough.

It appears, too, that defendant is not really contesting the existence and terms of the insurance policy because his sole argument in opposition to summary judgment is in no way based on the existence and terms of the policy. It is instead based, as this Court understands the argument, on the idea that plaintiff's status as an independent contractor does not defeat coverage under the policy. For these reasons, this Court holds that the facts pertaining to the existence and terms of the insurance policy are uncontroverted.

### III.

Turning to the merits of the motion for summary judgment, plaintiff argues that the policy excludes coverage for defendant Stone's claims because at the time he sustained the alleged injuries, he was working for C&H as a contractor. Under the clear, explicit language of the insurance policy, there is no duty to indemnify defendant as contractor—or as an employee. The policy states that there is "no coverage under this policy for 'bodily injury', 'personal injury' or 'property damage' sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same." This language clearly protects plaintiff from indemnification.

In his response, defendant argues that summary judgment is inappropriate because there is a triable issue of fact in dispute. Defendant does not, however, identify for the Court what that triable issue of fact is, but instead argues that plaintiff can still be held liable to indemnify C&H on principles of premises liability. Specifically, defendant argues that a landowner who hires an

independent contractor to perform an inherently dangerous activity has a nondelegable duty to take special precautions to prevent injury from the activity, and that the liability attaches without any need for showing that the employer is in any respect negligent. *Hatch v. V.P. Fair Foundation, Inc.*, 990 S.W.2d 126, 133 (Mo. Ct. App. E.D. 1999). It is highly questionable that this is an appropriate theory for holding C&H liable for the injuries sustained by defendant Stone, because defendant's work does not appear to fall under the inherently dangerous activity doctrine. But even if the doctrine applied, the theory by which the landowner, C&H Trailers could be held liable, has absolutely nothing to do with the responsibility of plaintiff to indemnify C&H for that liability. Coverage under the insurance policy in the context of this case drives off an injured party's relationship to the policyholder—whether the injured party was a contractor, employee, etc.—not on the theory of liability by which the policyholder is subject to liability to the injured party.

**IV. Conclusion**

For the foregoing reasons, summary judgment will be granted as to plaintiff Essex Insurance Company and there shall be no duty to indemnify C&H for the injuries sustained by defendant Stone.

Dated this  21st  day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE